FILED 10 NOV 15 09:26 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STERLING SAVINGS BANK,
a Washington stock savings bank,                Civ. No. 10-6121-AA

       Plaintiff,                                    OPINION AND ORDER

  vs.

SILVERTON STATION, LLC, an Oregon
limited liability company; GLEN E.
KENT and TAMMY KENT, husband and
wife, and SILVER CREEK DEVELOPMENT,
INC., an Oregon corporation

       Defendants.

---

Charles R. Markley
Sanford R. Landress
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, Oregon 97201
    Attorneys for plaintiff

Laurie R. Hager
Sussman Shank LLP
1000 S.W. Broadway, Suite 1400
Portland, Oregon 97205-3089
    Attorney for defendant

1- OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Sterling Savings Bank filed this action to recover on a promissory note, trust deed, and construction loan agreement executed by defendant Silverton Station and guarantied by defendants Glen E. Kent and Tammy Kent, and separately guarantied by Silver Creek Development. Defendants filed counterclaims alleging breach of contract, common law negligence, promissory estoppel, breach of the duty of good faith and fair dealing, breach of fiduciary duty, fraud, negligent misrepresentation, and interference with prospective economic advantage. Plaintiff now moves for summary judgment on all of its claims and all of defendants' counterclaims. The motion is granted.

## I. FACTUAL BACKGROUND

In October 2006, Silverton Station purchased real property in Marion County (the "Property"). In order to finance the purchase, Silverton Station obtained a construction loan in the amount of $2,091,375.00 (the "Loan") from plaintiff. Silverton Station executed a Promissory Note ("Note") and Deed of Trust ("Deed"), recorded under Recording Reference Reel 2724, Page 179, which gave plaintiff a security interest in the Property. Then, defendants Glen E. Kent and Tammy Kent signed a continuing guaranty securing the Loan, and Silver Creek Development signed an additional continuing guaranty. (The Loan, Note, Deed, and

guaranties are collectively referred to as the "Loan Documents.").

As of August 10, 2010, the defendants owed $2,212,808.05 in principal, accrued unpaid interest, and accrued unpaid late fees. Decl. of Jeff Ilk, p. 2.  This amount is also due and owing under both the Kent Guaranty and the Silver Creek Guaranty.  Id. Plaintiff also incurred an additional $3,900 expense for obtaining a foreclosure guarantee report.  Id. at 4.

As a result of defendants' eventual default on the Loan, plaintiff initiated this lawsuit seeking repayment on the Loan, and interest, late charges, and fees from March 24, 2010 through the date of judgment.  Plaintiff also seeks all other sums advanced under the Loan Documents for insurance, taxes, assessments, receiver's fees and costs, and other items which may constitute liens upon the Property.  Additionally, in the event of nonpayment, plaintiff seeks a declaration that the Trust Deed is a valid and subsisting lien upon the Property superior to any right, title, lien, estate, or interest of all defendants, and that the Property be sold at foreclosure.  Further, plaintiff seeks its attorney's fees, costs, and disbursements it incurred against defendants.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits

3- OPINION AND ORDER

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: 1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and 2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

### III. DISCUSSION

Plaintiff moves for summary judgment on its claims, arguing that defendants have defaulted on the Loan Documents, and

4- OPINION AND ORDER

plaintiff is entitled to relief. Defendants do not dispute that they executed the Loan Documents or received the loan amount, nor do defendants dispute the amount due and owing. Rather, defendants rely on their asserted defenses in support of their position that summary judgment is inappropriate at this time.[1] Defendants maintain that genuine issues of fact remain as to whether the promise to pay under the Loan Documents was based on an alleged oral agreement between the parties to give defendants a second loan for more than $7 million. Apparently, defendants planned to develop a condominium community on the Property, and developing the land required the second loan. Defendants allege that plaintiff orally agreed to loan defendants this additional sum of money, and that, but for this oral agreement, defendants would not have taken out the original Loan. Defendant's also allege that plaintiff misrepresented its intent to provide defendants further funding. Thus, the main issue is whether evidence of this alleged agreement is admissible to raise disputed issues of fact.

Plaintiff asserts that the statute of frauds precludes defendants from raising these defenses, because they all rely on

---

[1] Defendants' defenses include: 1) waiver; 2) estoppel; 3) unclean hands; 4) recovery from collateral; 5) breach of contract; 6) excuse of performance; 7) failure to mitigate damages; 8) offset and recoupment; 9) laches; and 10) no causation. The remaining defense for failure to state a claim fails because there is no dispute that defendants took out the Loan or that defendants defaulted on the Loan.

5- OPINION AND ORDER

the alleged oral agreement as evidence of the second loan. "[T]he statute of frauds, ORS 41.580, [is a] substantive rule[] of contract law that promote[s] commercial certainty by allowing contracting parties to rely on the ultimate written expression of their agreement as embodying the terms of their agreement." Onita Pacific Corp. v. Trustees of Bronson, 315 Or. 149, 163, 843 P.2d 890 (1992) (citing Hatley v. Stafford, 284 Or. 523, 530, 588 P.2d 603 (1978)). Thus, agreements "to lend money, [or] otherwise extend credit" must be in writing. Or. Rev. Stat. § 41.580(1)(h). The Oregon legislature has explicitly stated that "defenses and exceptions created by provisions of the Oregon Revised Statutes or recognize[d] by the courts of this state do not apply to" the statutory requirement that agreements to loan money must be evidenced by a written agreement. Id. § 41.580(2)(a). Financial institutions must include in the loan documents a warning statement that agreements to loan money must be in writing to be enforceable. Id. § 41.580(3)(a).

Plaintiff thus argues that Or. Rev. Stat. § 41.580(1)(h) and (2)(a) prevent defendants from presenting evidence of an oral agreement to contest their obligation under the Loan Documents, and without such evidence plaintiff is entitled to summary judgment on all claims and defendants' counterclaims.

In response, defendants maintain that the statute of frauds does not preclude their argument that they reasonably relied on

6- OPINION AND ORDER

plaintiff's misrepresentations regarding additional funding and that they would not have agreed to the Loan if such funding was not available. See Young v. Neil, 190 Or. 161, 220 P.2d 89 (1950) (involving an oral lease agreement); Smith v. Mills, 207 Or. 546, 296 P.2d 481 (1956) (involving oral agreement to execute a mortgage); Tucker v. Oregon Aero, Inc., 474 F. Supp. 1192 (D. Or. 2007) (involving oral agreement to pay contractor royalties for assignment of patents). However, none of the cases cited by defendants involve agreements to lend money or an oral promise to lend additional money. Further, the language of § 41.580(2)(a) that "defenses and exceptions created by provisions of the Oregon Revised Statutes or recognized by the courts of this state do not apply to subsection (1)(h) of this section" is unambiguous. (Emphasis added). Therefore, defendants cannot rely on plaintiff's alleged oral promise to lend additional funding to dispute their obligation to repay the loan.

Alternatively, defendants argue that evidence of the oral agreement can be found in the Loan Documents, pointing to an appraisal estimating the cost of vertically developing the land at more than $7 million. However, the appraisal clearly lists the estimate of the improved property at $2,788,500, commensurate with the current loan amounts. The discrepancy exists because defendants only applied for a lot-improvement loan rather than a loan for vertical construction. Decl. of Kelly Francis, p. 2,

7- OPINION AND ORDER

Ex. 1, p. 2. Thus, there is no evidence within the four corners of the original agreement that indicates plaintiff agreed to loan more than $7 million to defendants to vertically develop the condominiums.

Defendants also maintain that the Loan Documents are the "First Phase Loan documents," and that the second loan would be the "Second Phase." However, defendants' argument is unpersuasive because the Loan Documents make no mention of a Second Phase. While defendants may be correct that the appraisal shows they intended to vertically develop the condominiums, it does not suggest that plaintiff agreed to fund that vertical development.

Moreover, in each of the Loan Documents, plaintiff included a disclaimer, as required by statute, that oral agreements to loan money are not enforceable. This language is directly above the signature line of each of the loan documents, thus reinforcing plaintiff's argument. Consequently, § 41.580(1)(h) and (2)(a) exclude any evidence of an alleged oral agreement between the parties and render inapplicable any defenses or exceptions created by Oregon courts.

Plaintiff also moves for summary judgment on defendants' counterclaims asserted against plaintiff: 1) breach of contract; 2) negligence; 3) promissory estoppel; 4) breach of duty of good faith and fair dealing; 5) breach of fiduciary duty; 6) fraud; 7)

8- OPINION AND ORDER

negligent misrepresentation; and 8) interference with prospective economic advantage. Defendants emphasize that the statute of frauds cannot limit claims of fraud or negligent misrepresentation. However, defendants offer no evidence that there was anything fraudulent contained within the Loan Documents or improper in the execution of the Loan Documents. Instead defendants allege that plaintiff failed to follow an oral agreement, which is explicitly barred by the statute of frauds. Thus, defendants' counterclaims fail because they all rely on inadmissible evidence of the alleged oral agreement.

### IV. CONCLUSION

In conclusion, I find that defendants have failed to present sufficient evidence to survive summary judgment against plaintiff's claims or on their asserted counterclaims. Therefore, plaintiff's Motion for Summary Judgment (doc. 12) is GRANTED.

IT IS SO ORDERED.

Dated this 12 day of November 2010.

_____
Ann Aiken
United States District Judge

9- OPINION AND ORDER