FILED'11 JAN 31 14:14USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STERLING SAVINGS BANK, a
Washington stock savings bank,

    Plaintiff

  v.

SILVERTON STATION, LLC, an
Oregon limited liability
company, GLEN E. KENT and
TAMMY KENT, husband and wife,
and SILVER CREEK DEVELOPMENT,
INC., an Oregon corporation,

    Defendants.

Civ. No. 10-6121-AA

OPINION AND ORDER

Aiken, Chief Judge:

    Plaintiff Sterling Savings Bank (Sterling) filed suit against defendants asserting judicial foreclosure on a Deed of Trust and breach of guaranties. On November 15, 2010, the court granted Sterling's motion for summary judgment, and Sterling subsequently submitted a proposed judgment. Defendants object.

    Sterling's proposed judgment allows enforcement of Guaranty

1   - OPINION AND ORDER

Agreements, entered into by Glen Kent and Silver Creek Development, prior to proceeding with foreclosure on the Deed of Trust. Sterling emphasizes the following language of the Guaranty Agreements:

> Guarantor hereby irrevocably, absolutely and unconditionally guarantees and promises to pay to Lender or order, on demand, in lawful money of the United States, all amounts due and owing under any Loan or any of the Loan Documents . . . . If Guarantor fails to promptly perform its obligations under this Section I of this Guaranty, *Lender may from time to time, and without first requiring performance by Borrower or exhausting any or all security for the Loan*, bring any action at law or in equity or both to compel Guarantor to perform its obligations hereunder. . . .

Ilk Decl. in Support of Pl's Mot. For Summ. J., Exs. 5 and 6, pp. 1-2 (emphasis added). In other words, if defendants fail to pay amounts due and owning under the Loan "on demand," Sterling may compel payment under the Guaranties without pursuing foreclosure.

Defendants oppose Sterling's proposed form of judgment. Defendants maintain that Oregon law requires Sterling to pursue foreclosure on the Deed of Trust before seeking recovery of any deficiency from the individual guarantors. Defendants rely on Or. Rev. Stat. §§ 86.770(3) and 88.060(2), which provide in relevant part:

> [I]n a judicial foreclosure of a trust deed that is not a residential trust deed the judgment must provide that if the sale proceeds are insufficient to satisfy the judgment, execution may issue for the amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary.

2   - OPINION AND ORDER

Or. Rev. Stat. § 86.770(3). Further,

> The judgment [of foreclosure] may be enforced by execution as an ordinary judgment for the recovery of money, except as in this section otherwise provided:
>
> ***
>
> (2) When the judgment is also against the defendants or any one of them in person, and the proceeds of the sale of the property upon which the lien is foreclosed are not sufficient to satisfy the judgment as to the sum remaining unsatisfied, the judgment may be enforced by execution as in ordinary cases.

Or. Rev. Stat. § 88.060(2).

Sterling responds that nothing in the statutes prohibit a creditor from pursuing its contractual rights to compel payment from a guarantor prior to seeking foreclosure of the property. Sterling maintains the statutes merely clarify that a foreclosure action does not prevent or preclude a creditor from later filing suit against the debtor or a guarantor for recovery of any deficiency remaining after foreclosure.

While I appreciate defendants' position and arguments, I ultimately agree with Sterling. The plain language of the statutes cited do not expressly, or even implicitly, forbid a creditor from pursing recovery from a guarantor prior to foreclosure, particularly when that right is granted by contract. Rather, they simply authorize a deficiency judgment after foreclosure and sale of the relevant property.

///

///

3    - OPINION AND ORDER

Accordingly, Sterling's proposed form of judgment is approved. Defendants' Motion to Strike is DENIED as moot (doc. 35).

IT IS SO ORDERED.

Dated this 27 day of January, 2011.

/s/ Ann Aiken
Ann Aiken
United States District Judge

4    - OPINION AND ORDER